# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| D. BLOSCH CRUSHING, INC., an Idaho Corporation; DAVE and MARY JO BLOSCH, husband and wife, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MODERN MACHINERY CO., INC., a Montana Corporation; FAB TEC, INC., an Idaho Corporation; JOHNSON CRUSHERS INTERNATIONAL, INC., a Foreign Corporation; and THE CIT GROUP/ EQUIPMENT FINANCING, INC., a Foreign Corporation, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | Case No. CV 05-367-E-LMB |
| _____ | ) | |
| MODERN MACHINERY CO., INC., a Montana Corporation, | ) ) | **ORDER** |
| Counter-claimant / Cross-claimant, | ) ) ) | |
| v. | ) ) | |
| D. BLOSCH CRUSHING, INC., an Idaho Corporation; DAVE and MARY JO BLOSCH, husband and wife, | ) ) ) ) | |
| Counter-defendants, | ) ) | |
| and | ) ) | |
| FAB TEC, INC., an Idaho Corporation; JOHNSON CRUSHERS INTERNATIONAL, INC., a Foreign Corporation; and THE CIT GROUP/EQUIPMENT FINANCING, INC., a Foreign Corporation, | ) ) ) ) ) ) | |
| Cross-defendants. | ) | |
| _____ | ) | |

FAB TEC, INC., an Idaho corporation,    )
                                                                 )

       Cross-counter-claimant and cross-    )
       claimant,                          )

                                                            )
v.                                                   )

                                                            )
MODERN MACHINERY CO., INC. a    )
Montana Corporation,                          )

                                                            )
       Cross-counter-defendant,           )

                                                            )
and                                                   )

                                                            )
JOHNSON CRUSHERS                  )
INTERNATIONAL, INC., a Foreign    )
Corporation,                               )

                                                            )
       Cross-defendant.                   )
_____)

       Currently pending before the Court are Plaintiffs' Motion to Extend Discovery and

Disclosure Deadlines (Docket No. 21); Defendant FAB TEC, Inc.'s Motion to Dismiss for Lack

of Jurisdiction (Docket No. 23); Plaintiffs' Motion to Remand and in Opposition to Dismissal

(Docket No. 29); Defendants FAB TEC, Inc., Johnson Crushers International, Inc., and Modern

Machinery Co., Inc.'s Joint Exparte Motion for Enlargement of Time to Respond to Motion for

Remand (Docket No. 44); and Defendants FAB TEC, Inc., and Johnson Crushers International,

Inc.'s Motion for Leave to File a Sur-Reply in Opposition to Plaintiffs' Motion to Remand

(Docket No. 62).

       In the interest of avoiding delay and because the Court conclusively finds that the

decisional process would not be significantly aided by oral argument, the Court will address and

resolve these motions without a hearing.  Therefore, having carefully reviewed the record, the

Court enters the following Order.

**ORDER -2-**

# I.

# BACKGROUND

Dave Blosch and Mary Jo Blosch are the sole shareholders and employees of D. Blosch Crushing, Inc., an Idaho corporation engaged in the business of rock crushing (collectively "Blosch").  *Amended Complaint*, ¶¶ 1–2, 11 (Docket No. 18).  On or about June 1, 2003, Blosch purchased a K400 JCI rock crushing machine from Modern Machinery Co., Inc. ("Modern Machinery"), a Montana corporation.  *Id*. at ¶¶ 4, 8.  The machine was manufactured by Johnson Crushers International, Inc. ("JCI"), a Tennessee corporation, and assembled by FAB TEC, Inc. ("FAB TEC"), an Idaho corporation.  *Id*. at ¶¶ 5–6, 8.

Blosch claims that Modern Machinery sold the rock crushing machine with the express warranty that the machine would crush rocks in an efficient manner and would exceed the capacity and capabilities of Blosch's then-owned machine.  *Id.* at ¶ 10.  Blosch alleges that the machine did not function properly or efficiently at the time of delivery in June 2003, and also contends that the machine was defective at the time it was manufactured and/or assembled by JCI and/or FAB TEC.  *Id.* at ¶¶ 13-14, 51.

As a result of the alleged defective condition of the machine, Blosch claims to have sustained "losses in the form of lost business revenues and profits, the cost or charge for rental of additional and peripheral equipment to support and allegedly enhance the performance of the rock crushing machine, for purchase price and interest incurred for the purchase [of] said machine, and other damages to be proven at the time of trial."  *Id*. at ¶ 54.

## II.

## PROCEDURAL HISTORY

On August 8, 2005, Blosch brought an action against Modern Machinery in the District Court of the Seventh Judicial District of the State of Idaho, in and for the County of Bonneville. *Complaint*, *Exhibit A to Notice of Removal* (Docket No. 1, Att. 1).  On September 13, 2005, Modern Machinery removed the action to the District of Idaho.  *Notice of Removal* (Docket No. 1).

On April 13, 2006, Blosch moved for leave to amend the Complaint to, among other things, join additional parties.  *Plaintiffs' Motion for Leave to Amend*, p. 1 (Docket No. 15). Modern Machinery had no objection to the motion.  *Modern Machinery's Response to Motion for Leave to Amend*, p. 1 (Docket No. 16).  Accordingly, the motion was granted, *Order* (Docket No. 17), and, on May 12, 2006, Blosch filed an Amended Complaint adding as defendants FAB TEC, JCI, and the CIT Group/Equipment Financing, Inc. ("CIT"), a Delaware corporation, *Amended Complaint* (Docket No. 18).

On June 28, 2006, Blosch moved to remand, arguing that diversity jurisdiction had been destroyed because both Blosch and FAB TEC are citizens of the State of Idaho.  *Plaintiffs' Motion to Remand*, ¶ 4 (Docket No. 29).

## III.

## MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Accordingly, if the Court lacks subject matter jurisdiction over this action, it must be remanded.

ORDER -4-

Generally, to have subject matter jurisdiction, a court must be presented with an action that either (1) involves a federal question, 28 U.S.C. § 1331, or (2) arises between diverse citizenry, 28 U.S.C. § 1332.  This action was removed to federal court pursuant to 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction.  *Notice of Removal*, p. 1 (Docket No. 1).

Blosch contends that, after joinder of FAB TEC as a defendant, the Court does not have diversity jurisdiction over this action such that it must be remanded.  *Plaintiffs' Motion to Remand*, pp. 2–3 (Docket No. 29).  It is undisputed that FAB TEC is, like Blosch, a citizen of Idaho.  *Amended Complaint*, ¶ 5 (Docket No. 18); *FAB TEC's Motion to Dismiss for Lack of Jurisdiction*, pp. 1–2 (Docket No. 23).  Nonetheless, FAB TEC and JCI contend that FAB TEC was fraudulently joined and, therefore, FAB TEC's citizenry must be ignored in determining whether the Court may exercise diversity jurisdiction.  *FAB TEC & JCI's Response to Motion to Remand*, pp. 2–3 (Docket No. 53).

It is well-established within the Ninth Circuit Court of Appeals that the presence of fraudulently-joined defendants is ignored for the purposes of determining diversity jurisdiction. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761–62 (9th Cir. 2002) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987))).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe*, 811 F.2d at 1339).  In determining whether a defendant has been fraudulently joined, courts are to look, generally, only to a plaintiff's pleadings, but the defendant claiming diversity jurisdiction is entitled to present facts showing the joinder to be fraudulent.  *Ritchey*, 139 F.3d at 1318; *McCabe*, 811 F.2d at 1339.

**ORDER -5-**

In this case, FAB TEC and JCI argue that FAB TEC was fraudulently joined because "Plaintiffs do not have a valid cause of action against FAB TEC." *FAB TEC & JCI's Response to Motion to Remand*, p. 2 (Docket No. 53). Specifically, FAB TEC contends (1) that Blosch cannot maintain a contract claim against FAB TEC because there is no privity of contract between the two and (2) that Blosch cannot maintain a tort negligence claim against FAB TEC because such a claim is barred by the economic loss rule. *Id.* at pp. 7–11.

Blosch argues that the joinder is not fraudulent, because the claims against FAB TEC "do not sound solely in tort." *Reply to FAB TEC and JCI's Response to Motion to Remand*, p.3 (Docket No. 61). Rather, Blosch contends that it has a valid claim that FAB TEC and/or JCI have breached the implied warranty of merchantability. *Id.*

The parties do not dispute that there is no privity of contract between Blosch and FAB TEC. *Plaintiffs' Reply Regarding Motion to Remand*, p. 3 (Docket No. 61) ("[P]laintiffs agree with defendants Fab Tec and JCI that there was no privity of contract between plaintiffs and said defendants . . . ."). The parties do, however, disagree and dispute whether the lack of privity is an obvious bar to a claim for breach of the implied warranty of merchantability.

The general rule in Idaho is that privity of contract is required to sustain a contract action to recover economic loss for breach of implied warranties. *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.*, 97 Idaho 348, 354, 544 P.2d 306, 312 (1975). However, this rule has been called into question on several occasions by the Supreme Court of Idaho. *See, e.g.*, *State v. Mitchell Constr. Co.*, 108 Idaho 335, 699 P.2d 1349 (1984); *Tusch Enters. v. Coffin*, 113 Idaho 37, 740 P.2d 1022 (1987). Moreover, while most recent statement of the rule by the Supreme Court of Idaho upholds the privity requirement, the case also clearly leaves open the possibility of future exceptions to the rule. *See Ramerth v. Hart*, 133 Idaho 194, 198, 983 P.2d 848, 852

**ORDER -6-**

(1999) (stating "there may be cases where the plaintiff may be unfairly prejudiced by the operation of the economic loss rule in combination with the privity requirement articulated in *Salmon Rivers*.  Given such a case, further relaxation of *Salmon Rivers* may be justified.").

Given the questionability of the continued vitality of *Salmon Rivers*, it is not *obvious* that Blosch has failed to state a claim against FAB TEC.  A careful review of the pleadings and record as it currently exists alleges that FAB TEC was the company that assembled the machinery in question and that the equipment did not perform properly from the time of its delivery in June 2003.  Although FAB TEC and JCI argue strongly that is not the case and that FAB TEC was fraudulently joined, to draw that conclusion would require the Court to weigh evidence, evaluate credibility, and engage in the fact finding process.  Based on the allegations contained in the amended pleading that FAB TEC assembled the equipment and that it was not properly operational at the time of installation, it cannot be said as a matter of fact or law that Blosch has made a claim against FABTEC in the Amended Complaint which is obviously false or fraudulent.  While, ultimately, Blosch may not be successful in its claims against FAB TEC given the lack of contractual privity, it is not now *obvious* that Blosch has entirely failed to state a cause of action against FAB TEC.

Because it cannot be said at this time that FAB TEC was fraudulently joined, FAB TEC's citizenry cannot be disregarded in determining whether diversity jurisdiction may be exercised.  Thus, given that FAB TEC and Blosch are all citizens of Idaho, diversity jurisdiction is unavailable, and the federal court lacks subject matter jurisdiction.  Accordingly, pursuant to 28 U.S.C. § 1447(c), Blosch's Motion is granted and the case shall be remanded to state court.

**ORDER -7-**

## IV.

## ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand and in Opposition to Dismissal (Docket No. 29) is GRANTED.  This case is remanded to the Seventh Judicial District of the State of Idaho, in and for the County of Bonneville.

Accordingly, the following motions are MOOT:

1.  Plaintiffs' Motion to Extend Discovery and Disclosure Deadlines (Docket No. 21).

2.  FAB TEC, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Docket No. 23).

3.  FAB TEC, Inc., Johnson Crushers International, Inc., and Modern Machinery Co., Inc.'s Joint Exparte Motion for Enlargement of Time to Respond to Motion for Remand (Docket No. 44).

4.  FAB TEC, Inc., and Johnson Crushers International, Inc.'s Motion for Leave to File a Sur-Reply in Opposition to Plaintiffs' Motion to Remand (Docket No. 62).

DATED:  **January 11, 2007**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER -8-